IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LALONEE THOMAS, | ) CASE NO. 2:12-cv-1038 |
| Plaintiff, | ) JUDGE GRAHAM |
| v. | ) MAGISTRATE JUDGE KING |
| OCEDON RESTAURANT GROUP, et al., | ) **STIPULATED PROTECTIVE ORDER** |
| Defendants. | ) |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Lalonee Thomas and Defendants Burger King Corporation and Ocedon Restaurant Group, LLC (collectively, the "Parties"), by their undersigned counsel, hereby stipulate and agree to the following Protective Order:

**WHEREAS**, the Parties anticipate that discovery in this action may require Plaintiff Thomas and Defendants Burger King Corporation and Ocedon Restaurant Group, LLC to produce certain documents and other information containing Confidential Information such as private medical, business and financial information; and

**WHEREAS**, the Parties, for good cause, have agreed that all parties are entitled to a Protective Order to protect such Confidential Information;

**NOW**, therefore, upon stipulation of the Parties in the above-captioned case and for good cause shown, and with the Court being fully advised, it is hereby **ORDERED, ADJUDGED AND DECREED** that during the pendency of this action, the following Protective Order applies to all Parties in this case and the Court has jurisdiction over those Parties with respect to this Protective Order:

1. For purposes of this Order, "Confidential Information" shall include the following:



EXHIBIT A

(a) Counsel of record in this litigation, and their partners, employees or associates (including in-house counsel) to whom such disclosure is reasonably deemed necessary to such counsel for the conduct of this litigation;

(b) Any Party to this litigation and officers, directors, and employees of a party who are assisting his, her or its counsel, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation;

(c) Court reporters while in the performance of their official duties;

(d) Independent experts and consultants retained by or associated with any Party in order to assist his, her or its counsel in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance, and that such experts or consultants may retain Confidential Information only as long as is necessary for the performance of such assistance;

(e) Persons who have prepared or assisted in the preparation of such documents, or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of this litigation, and provided further that such persons may not retain any Confidential Information;

(f) This Court or any other court or arbitrator before whom or which this litigation is pending, including any court or arbitration panel;

(g) Any other person who may be specifically approved by written consent of opposing counsel to receive the Confidential Information or approved by Court order; and

(h) Witnesses called for deposition if it is believed they may have knowledge of the Confidential Information and can provide testimony relative to it.

4. Prior to disclosure of any Confidential Information to any person who is a qualified recipient as defined in Paragraph 3 herein, such person shall be furnished with a copy of this Protective Order. Additionally, qualified recipients, as defined in Paragraphs 3(d), 3(g) and 3(h) must provide a written statement confirming that they will comply with the terms of this Protective Order before Confidential Information is disclosed to them.

5. Unless waived by the Party who designates items as Confidential Information, such material (including deposition transcripts, briefs and other papers containing or otherwise disclosing

3

shall be construed to constitute a waiver of the producing Party's right to claim that a document not designated as confidential information is in fact Confidential Information within the terms of this Protective Order. It is recognized by the Parties to this Protective Order that, due to the exigencies of providing numerous documents, the taking of testimony and inherent uncertainty of litigation, documents or testimony may be designated erroneously as Confidential, or documents or information which are entitled to confidential treatment may erroneously not be designated as Confidential. The Parties to this Protective Order agree that they may correct their designations, or lack thereof, and shall furnish to all counsel a second time at its own expense copies of the documents for which there is a change in designation.

8. This Protective Order shall not prevent the marking, or the exhibition to a witness, or the offering in evidence of any Confidential Information during depositions, hearings or other pretrial proceedings, at trial, or on appeal, but no copy of any Confidential Information shall be retained by any such witness. Nothing in this Protective Order shall be read to require a formal order of Court prior to such use of Confidential Information, so long as its use is consistent with the terms of this Protective Order.

9. Confidential Information shall not be used or disclosed for any purpose whatsoever except the conduct of proceedings in the above-captioned case, any appeals in connection therewith or as otherwise permitted by this Protective Order.

10. The restrictions set forth in this Protective Order shall not apply to documents, materials or information which were or become disclosed to the public other than through violation of this Protective Order.

11. Nothing herein constitutes or may be interpreted as a waiver by any Party of the attorney-client privilege, attorney work product protection or any other legally-recognized privilege.

5

Alvand A. Mokhtari (0071796)
300 East Broad Street, Suite 590
Columbus, OH 43215
(614) 629-3003
(614) 629-3019 (Fax)
amokhtari@plunkettcooney.com

Attorneys for Defendant
Ocedon Restaurant Group, L.L.C.

IT IS SO ORDERED, this 3d day of May, 2013.

_____
~~Hon. James L. Graham~~ N. M-King,
U.S. District Court Judge
US Mag Judge

4843-7406-7219, v. 6